**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
Moshik Nadav Typography LLC,                       **COMPLAINT**

                      *Plaintiff*,                       **Case No.:**

        -*against*-

Banana Republic, LLC,
                      *Defendant*.
------------------------------------------------------------------X

      Plaintiff Moshik Nadav Typography LLC ("Nadav", the "Company" or the "Plaintiff"), by its undersigned attorneys, Levin-Epstein & Associates, P.C., as and for its Complaint, states as follows:

## PRELIMINARY STATEMENT

      1.    This is an action for monetary relief arising out of Banana Republic, LLC's (the "Defendant" or "Banana Republic") misappropriation, unauthorized and unlawful use of Nadav's unique typeface Paris Pro FS ("Paris Pro"). Without Nadav's permission, Defendant engaged in an extraordinary, large-scale and widespread commercial use of Paris Pro in extensive digital marketing and on worldwide social media platforms.

      2.    All the foregoing has and continues to cause Nadav substantial monetary damages.

## PARTIES

      3.    Plaintiff Nadav is a limited liability company organized under the laws of New York with its main office located at 101 Bedford Avenue, Brooklyn, New York 1121.

      4.    Defendant Banana Republic, LLC is a limited liability company organized under the laws of Delaware, having an office and place of business at Two Folsom Street, San Francisco, California 94105.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. As set forth more fully above, Plaintiff, by virtue of the citizenship of its sole member, is a citizen of New York and Defendant is a citizen of Delaware. Thus, Plaintiff and Defendant are considered diverse under 28 U.S.C. § 1332(a)(1).

6. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because Defendant is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court, and because a substantial part of the wrongful events giving rise to the claims asserted herein occurred in this County, and a substantial portion of the wrongful events at issue have arisen and/or will arise.

7. Defendant Banana Republic, LLC has registered to do business in New York as a foreign limited liability company and maintains a busines address at 28 Liberty Street, New York, NY 10005.

8. Defendant Banana Republic, LLC is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

9. Plaintiff Nadav is an innovative typography and graphic design business that focuses on the creation of artistic typefaces, and logotypes in digital formats for headlines in fashion magazines as well as logos for luxury and high-end brands.

10. Nadav's clients include many international brands and well-respected companies such as VOGUE, Estee Lauder, ELLE UK, Ann Taylor, Volkswagen, Harrods, Target, The Fast

Company and GQ magazine.

11. Plaintiff Nadav sells both commercial and non-commercial licenses to Nadav's artistic typefaces, and logotypes on Nadav's website, www.moshik.net.

12. Non-commercial licenses are available for purchase on www.moshik.net for a set license fee, while commercial and exclusive licenses to Nadav's work are only available upon a direct request to Nadav and are priced according to the scope and nature of the requested use. This is the font industry standard for high-end font foundries.

### A. *The Paris Pro Typeface*

13. In 2012, Moshik Nadav created a distinctive and unique artistic typeface font – the "Paris Pro Typeface." Paris Pro includes unique artistic ligatures that connect the letters in the typeface font to one another, as well as unique artistic logograms that represent a word or phrase. Paris Pro has a specific artistic expression that showcases Nadav's creativity as a graphic designer and typographer.

14. Glyphs are unique marks that collectively add up to the spelling of a word or depiction of a logogram. A typeface refers to the way that a set of glyphs appear on paper or computer screen or other medium.

15. No other font or typeface includes the same artistic ligatures and logograms set forth in the Paris Pro FS and Paris Pro Typeface, and Nadav spent countless hours creating and perfecting these artistic ligatures and logograms.

16. Paris Pro uses a unique form of ligature to make glyphs only associated with Plaintiff Nadav's font and is designed for high-end fashion headlines and logos.

17. The graphic design community recognized the artistic ligatures of the Paris Pro Typeface as being "exciting ligatures" and "special" in the November 30, 2012 issue of Slanted, a

highly respected typography design magazine.

18. At the heart of this dispute is the specific unique artistic ligature and logogram created by Nadav in the Paris Pro and Paris Pro Typeface (the "Paris Pro Ampersand").

19. The Paris Pro Ampersand that was copied by Defendant and used commercially without Nadav's authorization and is reproduced below:



20. The Paris Pro Ampersand is also the centerpiece of Nadav's brand identity.

21. Plaintiff Nadav sells merchandise, including jewelry and men's and women's apparel, prominently featuring the Paris Pro Ampersand on Nadav's website, www.moshik.net.

22. Nadav has invested considerable resources advertising and promoting its services and merchandise under the distinctive Paris Pro Ampersand, and the popularity of the Paris Pro Ampersand has contributed greatly to Nadav's branding efforts.

23. Rather than paying Nadav for a license for the Paris Pro Ampersand, Defendant engaged in an extraordinary, large-scale and widespread commercial use of the Paris Pro Ampersand in extensive digital marketing and on worldwide social media platforms, without Nadav's authorization.

24. By doing so, Defendant, deprived Nadav of any compensation for the commercial use of his work, while presenting Nadav's work as its own.

B.  **Banana Republic's Unauthorized Use of the Paris Pro Ampersand**

25. Banana Republic is a global, multi-channel apparel and accessories brand, operating as a subsidiary of non-party Gap, Inc., a global specialty apparel company offering apparel, accessories, and personal care products under the Gap, Old Navy, Banana Republic, Piperlime, and Athleta brands.

26. The following images depict a few examples of Banana Republic's unauthorized use of the Paris Pro Ampersand in extensive digital marketing and on worldwide social media platforms:

**Defendant's Website**



**Defendant's App**

  



**Defendant's Email Marketing Campaign**





## **Defendant's Instagram**





## **Defendant's Twitter**



27. Undoubtedly, there are many more unauthorized uses of the Paris Pro Ampersand, but the information required to identify all of Defendant's unauthorized uses are solely in Defendant's possession and control.

28. The "Banana Republic" Instagram social media account (https://www.instagram.com/bananarepublic/) ("Defendant's Instagram") has over 1.5 million followers, is open and viewable by the public on a worldwide basis.

29. Defendant's Instagram account is linked to https://likeshop.me/bananarepublic, which redirects all traffic to https://bananarepublic.gap.com/, the official Banana Republic website (the "Official Site"), where Banana Republic merchandise is available for purchase.

30. The "@BananaRepublic" Twitter social media account (https://twitter.com/BananaRepublic) ("Defendant's Twitter") has over 296,000 followers, with a timeline that is open and viewable by the public on a worldwide basis.

31. Defendant's Twitter account is linked to the Official Site, where Banana Republic merchandise is available for purchase.

32. Each of Defendant's social media platforms were used to encourage Banana Republic's millions of followers to purchase Banana Republic's products, for which Banana Republic profited either through direct sales.

33. The typeface of Banana Republic's reproduction of the Paris Pro Ampersand, and the Paris Pro Ampersand are identical.

34. The overall look and feel of Banana Republic's reproduction of the Paris Pro Ampersand is substantially similar to the Paris Pro Ampersand.

35. Defendant Banana Republic intentionally copied or caused to be copied the Paris Pro Ampersand, and used identical, or nearly identical elements in Banana Republic's

reproduction of the Paris Pro Ampersand.

36. Banana Republic's copying of the Paris Pro Ampersand was willful.

37. Banana Republic has used the Paris Pro Ampersand in extensive digital marketing and on worldwide social media platforms.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
**Unjust Enrichment**

38. Plaintiff repeats the allegations set forth above as if fully set forth herein.

39. Banana Republic has used the Paris Pro Ampersand in extensive digital marketing and on worldwide social media platforms.

40. By engaging in *commercial* use of the Paris Pro Ampersand, Banana Republic received a benefit by using the Paris Pro Ampersand without receiving the necessary commercial license at Plaintiff's expense.

41. Under circumstances that would make it unjust for the Defendant to retain the benefit without commensurate compensation.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

A. On the First Cause of Action, awarding damages to Plaintiff in an amount greater than $75,000 to be determined by a jury at trial, together with the costs and disbursements of this action; and

B. Such other relief as this Court deems just and proper.

Dated: New York, New York
October 6, 2020

/s/Joshua D. Levin-Epstein_____
Joshua D. Levin-Epstein, Esq.
Levin-Epstein & Associates, P.C.
*Attorneys for Plaintiff*
420 Lexington Avenue, Suite 2525
New York, NY 10170
Tel: (212) 792-0046