**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MOSHIK NADAV TYPOGRAPHY,

                *Plaintiff*,

    v.

BANANA REPUBLIC, LLC,

                *Defendant*.

Case No. 1:20-cv-8325-JMF

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

James D. Weinberger (*jweinberger@fzlz.com*)
Daniel M. Nuzzaci (*dnuzzaci@fzlz.com*)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
Tel: (212) 813-5900

*Attorneys for Defendant Banana Republic, LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

I.      Factual Background ................................................................................................ 2

II.     Procedural Background .......................................................................................... 3

ARGUMENT ......................................................................................................................... 4

I.      Plaintiff Fails to State a Claim with Respect to Each Cause of Action .............................. 5

        A.      Plaintiff Fails to Properly Plead the Elements of its First Cause of Action ............ 5

        B.      Plaintiff Fails to Plead Unfair Competition Under New York Law ....................... 8

        C.      Plaintiff's Third Cause of Action Fails as a Matter of Law .................................... 9

II.     Plaintiff's State Law Claims Are Preempted by the Copyright Act ................................ 12

CONCLUSION ..................................................................................................................... 15

{ F3845749.6 }

# TABLE OF AUTHORITIES

## CASES

*Ace Arts, LLC v. Sony/ATV Music Publishing, LLC*,
    56 F. Supp. 3d 436 (S.D.N.Y. 2014)....................................................................9, 10

*Adina's Jewels, Inc. v. Shashi, Inc.*,
    442 F. Supp. 3d 766 (S.D.N.Y. 2020).......................................................................14

*Aerogroup International, Inc. v. Marlboro Footworks, Ltd.*,
    977 F. Supp. 264 (S.D.N.Y. 1997) .............................................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................5, 11

*Atrium Group De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*,
    565 F. Supp. 2d 505 (S.D.N.Y. 2008).......................................................................14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................5

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004).....................................................................................5, 13

*Car-Freshner Corp. v. D & J Distributing & Manufacturing, Inc.*,
    14-CV-0391, 2014 WL 3900564 (PKC) (S.D.N.Y. Aug. 8, 2014) ........................10

*Corsello v. Verizon New York, Inc.*,
    967 N.E.2d 1177 (N.Y. 2012).....................................................................................7

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010)........................................................................................2

*Einiger v. Citigroup, Inc.*,
    112 U.S.P.Q.2d 1147 (S.D.N.Y. 2014).....................................................................14

*ESPN, Inc. v. Quiksilver, Inc.*,
    586 F. Supp. 2d 219 (S.D.N.Y. 2008).........................................................................8

*Eyal R.D. Corp. v. Jewelex New York Ltd.*,
    784 F. Supp. 2d 441 (S.D.N.Y. 2011)...................................................................10, 15

*Faktor v. Yahoo! Inc.*,
    12-CV-5220 (RA), 2013 WL 1641180 (S.D.N.Y. Apr. 16, 2013) .........................14

*Franklin v. X Gear 101, LLC*,
    17-CV-6452 (GBD)(GWG), 2018 WL 3528731 (S.D.N.Y. July 23, 2018),
    report and recommendation adopted, 2018 WL 4103492 (S.D.N.Y. Aug. 28, 2018) .............15

*Grynberg v. ENI S.p.A.*,
    503 F. App'x 42 (2d Cir. 2012) ..................................................................................7

{F3845749.6 }

*Gucci America, Inc. v. Duty Free Apparel, Ltd.*,
  277 F. Supp. 2d 269 (S.D.N.Y. 2003) ................................................................................10

*Henson v. Wright Medical Technology, Inc.*,
  12-CV-0805 (FJS)(TWD), 2013 WL 1296388 (N.D.N.Y. Mar. 28, 2013) ...........................11

*LaChapelle v. Fenty*,
  812 F. Supp. 2d 434 (S.D.N.Y. 2011) ...................................................................................8

*Mandarin Trading Ltd. v. Wildenstein*,
  944 N.E.2d 1104 (N.Y. 2011) ............................................................................................5, 7

*Maurizio v. Goldsmith*,
  230 F.3d 518 (2d Cir. 2000) ................................................................................................10

*Maurizio v. Goldsmith*,
  96-CV-4332 (LMM), 2001 WL 1568428 (S.D.N.Y. Dec. 5, 2001) .....................................15

*Mourabit v. Klein*,
  393 F. Supp. 3d 353 (S.D.N.Y. 2019) ..................................................................................14

*National Basketball Association v. Motorola, Inc.*,
  105 F.3d 841 (2d Cir. 1997) ................................................................................................13

*OffWhite Productions, LLC v. Off-White LLC*,
  19-CV-6267 (PAE), 2020 WL 4895362 (S.D.N.Y. Aug. 20, 2020) ......................................8

*Old Republic National Title Insurance Co. v. Cardinal Abstract Corp.*,
  790 N.Y.S.2d 143 (N.Y. App. Div. 2005) ..............................................................................6

*ProCD, Inc. v. Zeidenberg*,
  86 F.3d 1447 (7th Cir. 1996) ...............................................................................................13

*Pulse Creations, Inc. v. Vesture Group, Inc.*,
  154 F. Supp. 3d 48 (S.D.N.Y. 2015) ......................................................................................8

*Schatzki v. Weiser Capital Management, LLC*,
  995 F. Supp. 2d 251 (S.D.N.Y. 2014) ....................................................................................6

*Stadt v. Fox News Network LLC*,
  719 F. Supp. 2d 312 (S.D.N.Y. 2010) ..................................................................................11

*Universal City Studios, Inc. v. Nintendo Co.*,
  615 F. Supp. 838 (S.D.N.Y. 1985), *aff'd*, 797 F.2d 70 (2d Cir. 1986) ..........................13, 14

## STATUTES

15 U.S.C. § 1127 .........................................................................................................................9

17 U.S.C. § 101 ..........................................................................................................................12

17 U.S.C. § 301 ..........................................................................................................................12

N.Y. Gen. Bus. Law § 349 ................................................................................................ *passim*

[F3845749.6 ]

## REGULATIONS

37 C.F.R. § 202.1 ............................................................................................................6, 13

Registrability of Computer Programs That Generate Typefaces,
    57 Fed. Reg. 35,6201 (Feb. 21, 1992) .........................................................................6

## RULE

Fed. R. Civ. P. 12 .................................................................................................. 1, 3, 4-5

## TREATISES

J. Thomas McCarthy,
    McCarthy on Trademarks and Unfair Competition (5th ed. 2020)...............................7

Melville B. Nimmer & David Nimmer,
    Nimmer on Copyright (2003) .............................................................................................14

## OTHER

U.S. Copyright Office,
    Compendium of U.S. Copyright Office Practices § 313.3(D) (3d ed. 2017) ..........................6

U.S. Copyright Office,
    Compendium of U.S. Copyright Office Practices § 906.4 (3d ed. 2017) ................................7

U.S. Patent & Trademark Office Trademark Manual of Examining Procedure § 1202.03............9

Defendant Banana Republic, LLC ("Defendant") submits this memorandum of law in support of its motion to dismiss Plaintiff Moshik Nadav Typography's ("Plaintiff") Second Amended Complaint (ECF No. 20, "Second Amended Complaint" or "SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff's latest complaint is its third attempt to assert a legally sufficient pleading based on its claim that Defendant copied an ampersand from one of its fonts. The Second Amended Complaint, challenged by this motion, is identical to the prior iterations – which contained a single claim for unjust enrichment – save for two new state law claims added by Plaintiff in a last-ditch attempt to stave off dismissal. In other words, despite the addition of these two new causes of action, the Second Amended Complaint contains no new factual allegations and instead relies solely upon the allegations originally proffered in support of the unjust enrichment claim. Accordingly, much like its unjust enrichment claim, Plaintiff's new claims fail to state a claim for relief and must be dismissed.

Plaintiff, a font designer, alleges that Defendant has used an ampersand design in its advertising that is similar to an ampersand from one of Plaintiff's typefaces and pleads state law claims for unjust enrichment, unfair competition, and deceptive business practices under New York General Business Law § 349. The Second Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails to plausibly plead necessary elements for each of the claims. Plaintiff's unjust enrichment claim fails, as it did in the First Amended Complaint, to plead allegations supporting a pre-existing relationship between the parties. Plaintiff's unfair competition claim fails because New York law holds that this claim is functionally equivalent to a trademark infringement claim under the

Lanham Act, and Plaintiff has failed to plead facts that could establish its ampersand as a protectable mark. Finally, Plaintiff's claim for deceptive business practices under New York General Business Law § 349 fails as a matter of law because it fails to allege a cognizable harm against the public. Finally, the Copyright Act of 1976 preempts state law claims involving the subject matter of copyright – even where that subject matter is excluded therefrom. As a result, preemption provides an additional ground for dismissal of all claims in suit.

Plaintiff has now had several chances to state a claim upon which relief may be granted and has repeatedly failed to do so.  Accordingly, this motion should be granted, and the action should be dismissed.

## STATEMENT OF FACTS

The following facts are taken either from the Second Amended Complaint or from materials referenced therein, which the Court may consider in adjudicating a motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

## I.   Factual Background

Plaintiff is a typography and graphic design business that creates typefaces and logotypes in digital formats. (SAC ¶ 10.) As part of its business, Plaintiff sells commercial and non-commercial licenses for its typefaces and logotypes to third parties through its e-commerce website *moshik.net*. (*Id.* ¶ 12.) In 2012, Plaintiff allegedly created a typeface font called "Paris Pro Typeface." (*Id*. ¶ 14.) One of the elements of the Paris Pro Typeface is a stylized ampersand. (*Id.* ¶¶ 19-20.)

Defendant is an international apparel company that offers goods and services through its e-commerce website *bananarepublic.gap.com*. (SAC ¶¶ 26-27.) From time to time, Defendant has used a stylized ampersand (the "BR Ampersand Design") on its e-commerce website and in

{F3845749.6 }

social media posts in connection with the offering for sale of goods and services. (*Id.* ¶ 27.)

Examples of Defendant's use of the BR Ampersand Design are shown below:



(*Id.*) Defendant has only used the BR Ampersand Design in connection with its marketing and

advertising materials and has never used the BR Ampersand Design directly on apparel or

accessories. (*Id.* ¶¶ 27-33.) Defendant has never contacted or sought permission from Plaintiff

about using the BR Ampersand Design in Defendant's marketing and advertising materials, nor

has Defendant ever entered into a contract with or tendered payment to Plaintiff in connection

with Defendant's use of the BR Ampersand Design. (*Id.*)

## II.     Procedural Background

On October 6, 2020, Plaintiff commenced the above-captioned litigation by filing the

Complaint (ECF No. 1, the "Complaint") and asserting a single cause of action for unjust

enrichment based on Defendant's use of the BR Ampersand Design. (ECF No. 1 ¶¶ 38-41.)

In response to a *sua sponte* order issued by the Court regarding the sufficiency of

Plaintiff's allegations for determining diversity, Plaintiff filed its First Amended Complaint (ECF

No. 8, the "First Amended Complaint" or "FAC"). The First Amended Complaint was

substantially identical to the originally-filed Complaint except for the addition of a single new

allegation, which sought to address the Court's concern by identifying information about

Defendant's parent company. (ECF No. 8 ¶ 5.) On December 9, 2020, Defendant filed its Motion

to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 14.)

{F3845749.6 }

Rather than oppose the motion, on January 6, 2021, Plaintiff filed the Second Amended Complaint, which asserts its original cause of action for unjust enrichment as well as two new causes of action under New York State law—unfair competition and deceptive business practices under New York General Business Law § 349. (SAC ¶¶ 39-53.) Each of these claims relies upon the factual allegations in Paragraph 10 to 38 of the Second Amended Complaint, which remain unchanged from the prior version.

The first cause of action asserts a claim for unjust enrichment under New York common law. Specifically, Plaintiff alleges that "[b]y engaging in *commercial* use of the Paris Pro Ampersand, Banana Republic received a benefit . . . without receiving the necessary commercial license at Plaintiff's expense[,]" and it is therefore "unjust for the Defendant to retain the benefit without commensurate compensation." (SAC ¶¶ 39-43; emphasis in original.)

The second cause of action asserts a claim for unfair competition under New York common law. Specifically, Plaintiff alleges that Defendant's "bad faith misappropriation of the Paris Pro Ampersand . . . in extensive digital marketing and on worldwide social media platforms violates New York common law." (SAC ¶¶ 44-48.)

The third cause of action asserts a claim for deceptive business practices under New York General Business Law § 349. Specifically, Plaintiff alleges that Defendant's use of the BR Ampersand Design is "confusingly similar to Plaintiff's designs" and Defendant has "engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted to injury in consumers and harm to the public in the State of New York." (SAC ¶¶ 49-53.)

## ARGUMENT

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

{F3845749.6 }

12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In applying this standard, a court is to accept as true all well-plead factual allegations – though it should not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Id*. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Here, assuming all of the allegations in the Second Amended Complaint to be true, Plaintiff has failed to allege facts that would support a plausible claim for any of its asserted causes of action. Thus, the Court should dismiss the Second Amended Complaint in its entirety.

I.   <u>**Plaintiff Fails to State a Claim with Respect to Each Cause of Action**</u>

A.   <u>Plaintiff Fails to Properly Plead the Elements of its First Cause of Action</u>

Under New York law, a claim for unjust enrichment requires a plaintiff to show the "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd. v. Phx. Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). Furthermore, "there are no indicia of an enrichment that was unjust where the pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement." *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1111 (N.Y. 2011). The First Amended Complaint is deficient with respect to each of the aformentioned elements – all of which are necessary for an unjust enrichment claim.

{F3845749.6 }

With respect to the first and second prongs, the First Amended Complaint fails to allege any conduct by which Defendant was "enriched" at Plaintiff's "expense." While Plaintiff does allege that Defendant "copied or caused to be copied the Paris Pro Ampersand, and used identical, or nearly identical elements in [Defendant's] reproduction of the [BR Ampersand Design]" (FAC, ¶ 36), such allegations are insufficient standing alone. *See Schatzki v. Weiser Capital Mgmt., LLC*, 995 F. Supp. 2d 251, 252 (S.D.N.Y. 2014) ("A plaintiff's allegation that a defendant received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment." (citing *Old Republic Nat'l Title Ins. Co. v. Cardinal Abstract Corp.*, 790 N.Y.S.2d 143, 145 (N.Y. App. Div. 2005))).

Plaintiff's allegations are also insufficient given that none of the elements of Plaintiff's Paris Pro Typeface are protectable or proprietary. The letters and ligatures that comprise the Paris Pro Typeface – no matter how innovative or artistic – are not protectable under any statutory or common law framework, including the Copyright Act.[1] *See, e.g.*, 37 C.F.R. § 202.1 (a), (e) ("works not subject to copyright" include "mere variations of typographic ornamentation" and "typeface"); Registrability of Computer Programs That Generate Typefaces, 57 Fed. Reg. 35,6201 (Feb. 21, 1992) ("Pursuant to Congress's judgment in the 1976 Act and case law, the Copyright Office does not register claims to copyright in typeface designs as such, whether generated by a computer program, or represented in drawings, hard metal type, or any other form"); U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 313.3(D) (3d ed. 2017) ("The copyright law does not protect typeface or mere variations of typographic ornamentation or lettering."). Indeed, typeface has been deliberately omitted from protection under the Copyright Act and state common law because letters are the building blocks

---

[1] Nor do Plaintiff's allegations support the argument that its typeface is protectable under trademark law. *See*, Sections I.B and C, *infra*.

[F3845749.6 ]

of expression. As the Copyright Office explains in its Compendium of U.S. Copyright Office

Practices:

> As a general rule, typeface, typefont, lettering, calligraphy, and typographic ornamentation are not registrable. 37 C.F.R. § 202.1(a), (e). These elements are mere variations of uncopyrightable letters or words, which in turn are the building blocks of expression. *See id.* The Office typically refuses claims based on individual alphabetic or numbering characters, sets or fonts of related characters, fanciful lettering and calligraphy, or other forms of typeface. This is true regardless of how novel and creative the shape and form of the typeface characters may be.

Compendium (Third) § 906.4. Because none of the elements of Plaintiff's Paris Pro Typeface are

protectable under the law, equity and good conscience cannot possibly militate in favor of

allowing Plaintiff to recover damages based on Defendant's use of the BR Ampersand Design.

*See* 4 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:122

(5th ed. 2020) ("The first principle of unfair competition law is that everything that is not

protected by an intellectual property right is free to copy.").

Moreover, Plaintiff's claim for unjust enrichment should be dismissed because the

Second Amended Complaint contains no factual allegations about a relationship or

communication between the parties. *See Grynberg v. ENI S.p.A.*, 503 F. App'x 42, 44 (2d Cir.

2012) (affirming summary judgment dismissal of unjust enrichment claim because the plaintiff

"could not show any relationship, or even any communication, between himself and [the

defendant]."); *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012) (holding that

unjust enrichment "is available only in unusual situations when . . . circumstances create an

equitable obligation running from the defendant to the plaintiff."); *Mandarin Trading*, 944

N.E.2d at 1111 ("Although privity is not required for an unjust enrichment claim, a claim will

not be supported if the connection between the parties is too attenuated."). Here, Plaintiff fails to

allege any prior relationship, negotiations, or contract between the parties with respect to

7

Defendant's use of the BR Ampersand Design. In fact, Plaintiff concedes that contrary to its standard business practices, there was no licensing agreement between the parties. (SAC ¶ 24.)

Accordingly, Plaintiff has failed to state a claim for unjust enrichment.

B.    Plaintiff Fails to Plead Unfair Competition Under New York Law

Plaintiff's second cause of action for unfair competition under New York law must also be dismissed. Under New York common law, the elements necessary to prevail on a cause of action for unfair competition are identical to the elements for the federal Lanham Act claim of the same name. *See OffWhite Prods., LLC v. Off-White LLC*, 19-CV-6267 (PAE), 2020 WL 4895362, at *4 (S.D.N.Y. Aug. 20, 2020) (holding that elements for unfair competition under New York common law "mirror" Lanham Act claims); *Pulse Creations, Inc. v. Vesture Grp., Inc.*, 154 F. Supp. 3d 48, 57 (S.D.N.Y. 2015) (same); *LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 448-49 (S.D.N.Y. 2011) (same). Thus, in order to state a claim for common law unfair competition under New York Law, the plaintiff "must demonstrate that (1) it possesses a valid, protectable mark, and (2) that the result of the defendant's alleged use is a likelihood of confusion between the marks of the alleged infringer and the charging party." *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

Plaintiff's claim for unfair competition under New York state law fails because the Second Amended Complaint contains no factual allegations to support the first element of the claim – namely, that Plaintiff owns a protectable mark. The Lanham Act defines a trademark as a "word, name, symbol, or device . . . used . . . to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source

of the goods." 15 U.S.C. § 1127. Plaintiff does not make any allegation that it uses the Paris Pro Ampersand to identify it as the source of goods and services.

Rather, the Second Amended Complaint alleges that Plaintiff uses the Paris Pro Ampersand – aside from its primary use as part of a typeface set – as an ornamental design on a limited offering of apparel and accessories rather than as a source-identifying trademark. (*See* SAC ¶ 22 ("Plaintiff Nadav sells merchandise, including jewelry and men's and women's apparel, prominently featuring the Paris Pro Ampersand.").) Such ornamental use is not use as a trademark: "Subject matter that is merely a decorative feature does not identify and distinguish the applicant's goods and, thus, does not function as a trademark." United States Patent & Trademark Office Trademark Manual of Examining Procedure § 1202.03; *see also Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 977 F. Supp. 264, 267 (S.D.N.Y. 1997) (holding that plaintiff's "waffle trademark is not entitled to trademark protection" because "it is a product design and is a mere decorative and ornamental feature of the goods that does not indicate source.").

Because Plaintiff has failed to allege facts supporting the allegation that its Paris Pro Ampersand functions as a trademark, it has not adequately pled the elements of unfair competition under New York law. The second cause of action must therefore be dismissed.

      C.    <u>Plaintiff's Third Cause of Action Fails as a Matter of Law</u>

Plaintiff has also failed to state a claim on its third cause of action for deceptive business practices under Section 349 of the General Business Law.  In order to state a claim under this section, "a plaintiff must allege that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*, 56 F. Supp. 3d 436, 455 (S.D.N.Y.

{F3845749.6 }

2014) (quoting *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)); *Car-Freshner Corp. v. D & J Distrib. & Mfg., Inc.*, 14-CV-0391, 2014 WL 3900564 (PKC), at *4 (S.D.N.Y. Aug. 8, 2014). "The majority view in this circuit is that trademark infringement claims are not cognizable under section[ ] 349 . . . unless there is a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution." *Car-Freshner*, 2014 WL 3900564 at *4 (citations omitted); *see also Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F. Supp. 2d 441, 450 (S.D.N.Y. 2011) ("Claims that arise out of a trademark infringement action, and disputes between competitions where the core of the claim is harm to another business as opposed to consumers, both constitute situations which courts have found to reflect a public harm that is too insubstantial to satisfy the pleading requirements of § 349.") (quoting *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003)). Thus, despite the broad language of the statute, "it has been interpreted to apply only to consumer-oriented conduct, with the paradigmatic case involv[ing] an individual consumer who falls victim to misrepresentations made by a seller of consumer good[s] because of false and misleading advertising." *Ace Arts*, 56 F. Supp. 3d at 455 (internal citations and quotation marks omitted).

Plaintiff's claim under Section 349 of New York General Business Law should be dismissed as a matter of law because it alleges a harm based on a theory of trademark infringement – unsuccessfully so, *see* supra Section I.B – that has been found by courts in this circuit to reflect a public harm that it is too insubstantial to be cognizable under Section 349. For example, Plaintiff alleges that Defendant has engaged in "deceptive actus such as offering for sale products using the Paris Pro Ampersand, that is <u>confusingly similar to Plaintiff's designs</u>" and that, as a result of this conduct, "Plaintiff has been damaged and continued to suffer damages, in an amount to be proved at trial." (FAC ¶¶ 51, 53; emphasis added.) These

allegations do not evince the requisite specific and substantial injury to the public interest over and above that common to ordinary trademark infringement. Moreover, to the extent Plaintiff's statutory claim sounds of trademark infringement, the claim fails for the same reasons discussed above in the prior section – namely, Plaintiff fails to plead a protectable mark that serves a source-identifying function.

With respect to the allegations that *are* included in the Second Amended Complaint regarding public harm, these statements are threadbare recitals of the standard unsupported by factual allegations in an effort to avoid dismissal. (*See, e.g., id.* ¶¶ 50-51 ("Banana Republic has engaged in activities that deceive or have a tendency to deceive a material segment of the public" and "Banana Republic has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted to injury in consumers and harm to the public in the State of New York.").) Because the foregoing are conclusory statements unsupported by factual allegations, they are not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 662 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."); *Stadt v. Fox News Network LLC*, 719 F. Supp. 2d 312, 324 (S.D.N.Y. 2010) (dismissing N.Y. Gen. Bus. Law § 349 claim because "[n]ot only does the Complaint lack any allegations as to how consumers were harmed by Fox's 'misleading' behavior, but allegations of consumer confusion are generally not sufficient consumer harm to state a section 349 claim."); *Henson v. Wright Med. Tech., Inc.*, 12-CV-0805 (FJS)(TWD), 2013 WL 1296388, at *4 (N.D.N.Y. Mar. 28, 2013) (dismissing N.Y. Gen. Bus. Law § 349 claim and finding that "[b]eyond these flat assertions and conclusory statements, Plaintiff advances no sufficient allegations regarding how Defendants' alleged deceptive or misleading business practices harmed consumers."). Plaintiff's failure to

assert specific factual allegations about how New York consumers have fallen victim to misrepresentations made by Defendant as a result of Defendant's use of the BR Ampersand Design is fatal to its statutory claim.

Moreover, any such allegations of harm to the public would be implausible – even if asserted – given that Plaintiff licenses its Paris Pro Typeface and other typefaces for consumer-oriented use to commercial entities and advertises this fact on its own e-commerce website. (*See* SAC ¶ 11 ("Nadav's clients include many international brands and well-respected companies such as VOGUE, Estee Lauder, ELLE UK, Ann Taylor, Volkswagen, Harrods, Target, The Fast Company and GQ Magazine."); *see also id.* ¶ 10, referencing Plaintiff's website*; https://moshik.net/products/fashion-magazine-font-paris-pro-typeface-moshik-nadav-typography* ("Paris Pro Typeface as seen on GQ Magazine and many others, comes with thousands glyphs [sic] with swashes . . . .").) The result of this widespread licensing scheme is that consumers are accustomed to seeing Plaintiff's Paris Pro Typeface in commercial settings in the marketplace and are unlikely to be deceived by a third-party company's use thereof.

Accordingly, Plaintiff has failed to state a claim for deceptive business practices under Section 349 of New York General Business Law.

## II.     Plaintiff's State Law Claims Are Preempted by the Copyright Act

As a separate basis for dismissal, all of Plaintiff's claims are preempted by the Copyright Act, 17 U.S.C. § 101 *et seq*. Section 301 thereof preempts state common law or statutory rights with respect to content that falls within the subject matter of copyright. *See* 17 U.S.C. § 301. "The test for preemption involves two inquiries: 1) is the work in question within the subject matter of copyright as defined in 17 U.S.C. §§ 102, 103, and 2) is the state law created right equivalent to any of the exclusive rights within the general scope of copyright as specified by 17

12

U.S.C. § 106." *Universal City Studios, Inc. v. Nintendo Co.*, 615 F. Supp. 838, 856-57 (S.D.N.Y. 1985), *aff'd*, 797 F.2d 70 (2d Cir. 1986).

      With respect to the first prong of the test for preemption, typefaces are "within the subject matter of copyright" because the regulations supporting the Copyright Act explicitly exclude from protection both fonts and typefaces. *See* 37 C.F.R. § 202.1(a), (e) (excluding from copyright protection both "mere variations of typographic ornamentation" and "typeface."). Plaintiff's Paris Pro Typeface and stylized ampersand are both "mere variations of typographic ornamentation or lettering" and are therefore not protectable under the Copyright Act. Importantly, courts have interpreted Section 301 to cover subject matter broader than what is actually given protection because permitting states to protect content for which federal copyright protection was precluded would "expand significantly the reach of state claims and render the preemption intended by Congress unworkable." *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 849 (2d Cir. 1997); *see also ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996) ("One function of § 301(a) is to prevent states from giving special protection to works of authorship that Congress has decided should be in the public domain, which it can accomplish only if 'subject matter of copyright' includes all works of a *type* covered by section 102 and 103, even if federal law does not afford protection to them.") (emphasis in original). As a result, fonts and typefaces are within the subject matter of the Copyright Act despite not receiving any protection thereunder.

      As to the second prong of the preemption test, it is well-settled that Plaintiff's common law claim for unjust enrichment is "equivalent" to a copyright infringement claim based on the exclusive rights guaranteed under the Copyright Act. *See Briarpatch*, 373 F.3d at 306-07 ("[A] state law cause of action for unjust enrichment or quasi contract should be regarded as an

'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter."
(quoting 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 1.01(B)(1)(g)
(2003))). For example, in *Universal City Studios, Inc. v. Nintendo Co.*, this Court held that the
"state law claim of unjust enrichment . . . is encompassed by the rights included in § 106. It is
control over the right to reproduce Donkey Kong that Universal is alleged to have
misappropriated and profited from, and this right is the very essence of the copyright protection
embodied in § 106." 615 F. Supp. at 857. Courts in this circuit regularly dismiss unjust
enrichment claims based on preemption under the Copyright Act. *See, e.g.*, *Adina's Jewels, Inc.
v. Shashi, Inc.*, 442 F. Supp. 3d 766, 773 (S.D.N.Y. 2020) (dismissing unjust enrichment claim
and noting that "[t]he overwhelming majority of courts in this circuit have held that an unjust
enrichment claim based upon the copying of subject matter within the scope of the Copyright
Act is preempted." (quoting *Mourabit v. Klein*, 393 F. Supp. 3d 353, 361 (S.D.N.Y. 2019));
*Einiger v. Citigroup, Inc.*, 112 U.S.P.Q.2d 1147, 1148 (S.D.N.Y. 2014) (holding that the
plaintiff's "unjust enrichment and quantum meruit claims are preempted by the Copyright Act,
and . . . must be dismissed."); *Faktor v. Yahoo! Inc.*, 12-CV-5220 (RA), 2013 WL 1641180, at
*4 (S.D.N.Y. Apr. 16, 2013) (finding unjust enrichment claim preempted); *Atrium Grp. De
Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505, 509 (S.D.N.Y.
2008) (dismissing unjust enrichment claim with prejudice and noting that "[t]he Second Circuit
has held that the Copyright Act preempts a state law claim for unjust enrichment unless the claim
has some 'extra element' that renders it qualitatively different from a copyright infringement
claim.").

    Moreover, courts in this circuit have also dismissed state law claims for unfair
competition and deceptive business practices under Section 349 of the New York General

{F3845749.6 }

Business Law as preempted by the Copyright Act when such claims are based solely on copying. *See, e.g.*, *Franklin v. X Gear 101, LLC*, 17-CV-6452 (GBD)(GWG), 2018 WL 3528731, at *15 (S.D.N.Y. July 23, 2018), report and recommendation adopted, 2018 WL 4103492 (S.D.N.Y. Aug. 28, 2018) ("Common law trademark infringement claims and unfair competition claims may be preempted where the claims are grounded solely in the copying of a plaintiff's protected expression. Put another way, if the harm arises from the simple fact of copying, the claim falls within the Copyright Act and is preempted." (internal citations and quotation marks omitted)); *Eyal R.D.*, 784 F. Supp. 2d at 447-49 (finding unfair competition claim and claim under N.Y. Gen. Bus. Law § 349 to be "preempted" because the plaintiff "has alleged harms arising only from [the defendant's] alleged copying of its design, and thus asserts only a harm squarely covered by federal copyright law."); *Maurizio v. Goldsmith*, 96-CV-4332 (LMM), 2001 WL 1568428, at *6 (S.D.N.Y. Dec. 5, 2001) ("[C]ourts have found that because a claim for common law unfair competition requires no extra element beyond a copyright infringement claim, it is preempted by federal law.")

Because Plaintiff seeks redress based on its purported exclusive rights to distribute and license the Paris Pro Typeface (including the stylized ampersand), Plaintiff's state law claims are functionally equivalent to and not qualitatively different from a claim for copyright infringement under the Copyright Act. Accordingly, the Copyright Act preempts Plaintiff's state law claims and the Complaint should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, the Second Amended Complaint cannot withstand this motion to dismiss. The claims set out therein are unsupported by factual allegations necessary for proper

[F3845749.6 ]

pleading and are preempted in any event. Accordingly, Defendant respectfully requests that the

Court grant its motion to dismiss the Second Amended Complaint in its entirety.

Dated: New York, New York          FROSS ZELNICK LEHRMAN & ZISSU, P.C.
       January 26, 2021

By: _____
    James D. Weinberger (*jweinberger@fzlz.com*)
    Daniel M. Nuzzaci (*dnuzzaci@fzlz.com*)
    151 West 42nd Street, 17th Floor
    New York, New York 10036
    Tel: (212) 813-5900

*Attorneys for Defendant Banana Republic, LLC*

{F3845749.6 }