UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHIK NADAV TYPOGRAPHY LLC,

Plaintiff,

-v-

BANANA REPUBLIC, LLC,

Defendant.

20-CV-8325 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

In what Encyclopedia Brown might have dubbed the Case of the Stolen Ampersand, Plaintiff Moshik Nadav Typography LLC ("Nadav"), a typeface designer, alleges that the retail giant Banana Republic, LLC ("Banana Republic") misappropriated a stylized ampersand that Nadav had designed. Nadav brings claims for unjust enrichment and unfair competition under New York common law, as well as a claim pursuant to Section 349 of New York's General Business Law ("Section 349"). Banana Republic now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint ("Complaint"). *See* ECF No. 21. For the reasons that follow, its motion is granted.

**BACKGROUND**

The following facts, drawn from the Complaint, are assumed to be true for purposes of this motion. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 513 (2d Cir. 2013).

Nadav is a typography and graphic design business that creates "artistic typefaces[] and logotypes in digital formats for headlines in fashion magazines[,] as well as logos for luxury and high-end brands." ECF No. 20 ("SAC"), ¶ 10. Its clients include VOGUE, Estee Lauder, ELLE UK, Ann Taylor, Volkswagen, Harrods, Target, the Fast Company, and GQ magazine. *Id.* ¶ 11.

Nadav's business model involves the sale of commercial licenses for use of its artistic typefaces and logotypes, with prices set according to the scope and nature of the requested use, as well as non-commercial licenses priced at a set fee. *Id.* ¶ 13.

In 2012, Nadav designed the Paris Pro FS typeface, which includes a stylized ampersand (the "Paris Pro Ampersand"), for use in high-end fashion headlines and logos. *Id.* ¶¶ 14, 17, 19. The Complaint alleges that the Paris Pro Ampersand is "the centerpiece of Nadav's brand identity"; the company sells merchandise, including jewelry and apparel, that prominently features the symbol on its website. *Id.* ¶¶ 21-22. At some point (the Complaint does not specify when), Banana Republic, the global apparel and accessories company, began using an ampersand that closely resembles the Paris Pro Ampersand, without obtaining a license or other authorization from Nadav, "in extensive digital marketing and on worldwide social media platforms." *Id.* ¶¶ 24-27. The Paris Pro Ampersand and a representative example of Banana Republic's use of a similar ampersand in its marketing are depicted in Figures 1 and 2.

**Fig. 1: Paris Pro Ampersand (SAC ¶ 20)**

**Fig. 2: Banana Republic Twitter Post (SAC ¶ 27)**

Nadav filed this lawsuit on October 6, 2020. In its initial two complaints, Nadav pursued only one claim, for unjust enrichment under New York law. *See* ECF Nos. 1, 8. But on January 6, 2021, after Banana Republic had moved to dismiss, *see* ECF No. 14, and the Court had granted Nadav leave to amend its complaint to address the issues raised by Banana Republic's motion, *see* ECF No. 16, Nadav filed the operative Complaint. Alleging that Banana Republic has "deprived Nadav of any compensation for the commercial use of [its] work, while presenting Nadav's work as its own," SAC ¶ 25, Nadav now brings claims against Banana Republic for unjust enrichment and unfair competition, as well as a claim under Section 349, *id.* ¶¶ 39-53.

## LEGAL STANDARDS

In evaluating Banana Republic's motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in Nadav's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## DISCUSSION

As noted, Nadav brings claims for unjust enrichment, unfair competition, and violation of Section 349. Banana Republic argues that all three claims fail as a matter of law and, in the

alternative, are preempted by federal copyright law. *See* ECF Nos. 21, 21-1. The Court agrees that all three claims fail as a matter of law and, thus, need not reach the preemption question.

**A. Unjust Enrichment**

First, Nadav's unjust enrichment claim must be dismissed because Nadav fails to allege that any relationship existed between Nadav and Banana Republic. To state a claim for unjust enrichment under New York law, a plaintiff must plead "that [1] the defendant was enriched [2] at the plaintiff's expense and [3] that equity and good conscience require the plaintiff to recover the enrichment from the defendant." *Giordano v. Thomson*, 564 F.3d 163, 170 (2d Cir. 2009) (internal quotation marks omitted). "Unjust enrichment is available only in unusual situations when circumstances create an equitable obligation running from the defendant to the plaintiff." *Cohen v. BMW Invs. L.P.*, 668 F. App'x 373, 374 (2d Cir. 2016) (summary order) (cleaned up) (quoting *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012)). "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated." *Lexon Ins. Co. v. Wells Fargo Bank*, 619 F. App'x 27 (2d Cir. 2015) (summary order) (internal quotation marks omitted). "[T]he nexus between the parties is too attenuated," for example, where "the parties 'simply had no dealings with each other.'" *Cohen*, 668 F. App'x at 374 (quoting *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 517-18 (2012)).

Nadav's unjust enrichment claim is fatally deficient because Nadav "does not plead any relationship between [Nadav] and [Banana Republic] whatsoever." *Id.* (affirming the dismissal of an unjust enrichment claim on this ground); *see also Grynberg v. ENI S.P.A.*, 503 F. App'x 42, 44 (2d Cir. 2012) (summary order) (affirming dismissal of a plaintiff's unjust enrichment claim on summary judgment "because he could not show any relationship, or even any communication, between himself and [the defendant]"). Neither of Nadav's arguments to the

contrary is persuasive. First, Nadav suggests that its relationship with Banana Republic was not too attenuated to support an unjust enrichment claim because "Banana Republic misappropriated the Paris Pro Ampersand directly from Nadav." ECF No. 23 ("Pl.'s Opp'n"), at 14 (citing SAC ¶ 41). But this is merely a repackaging of Nadav's claim that Banana Republic unjustly enriched itself at Nadav's expense. If that were sufficient to establish an equitable obligation running between the parties, then the requirement would be rendered meaningless. Second, Nadav argues that Banana Republic was "aware[]" of Nadav by virtue of the typeface company's status as an "industry leader who has designed typefaces and logotypes for other lifestyle and apparel brands." *Id.* (citing SAC ¶¶ 10-13). But the fact that Nadav has designed typefaces and logotypes for other entities in Banana Republic's industry falls short of plausibly suggesting that the two companies had any relationship, dealings, or communications. Moreover, even if Banana Republic were aware of Nadav, or of the fact that Nadav had designed the Paris Pro Ampersand, "an unjust enrichment claim cannot be predicated on a defendant's mere knowledge of the plaintiff's actions." *Lexon Ins. Co. v. Wells Fargo Bank, N.A.*, No. 13-CV-3407 (AKH), 2014 WL 11353148, at *6 (S.D.N.Y. Aug. 20, 2014) (citing *Georgia Malone*, 19 N.Y.3d at 516-17), *aff'd sub nom. Lexon Ins. Co. v. Wells Fargo Bank*, 619 F. App'x 27 (2d Cir. 2015) (summary order). In short, Nadav's claim for unjust enrichment must be and is dismissed.

**B. Unfair Competition**

Next, Nadav's unfair competition claim must be dismissed because Nadav fails to plausibly plead that Banana Republic acted in bad faith. "The essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another with some element of bad faith." *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 50-51 (2d Cir. 2019) (internal quotation marks omitted). Although "New York's law of unfair competition is a broad and flexible doctrine," *Telecom Int'l Am., Ltd. v. AT*

*& T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001) (internal quotation marks omitted), "its reach is not without limits," *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 328 (E.D.N.Y. 2014). In particular, under binding Second Circuit precedent, "bad faith *must* be demonstrated for a claim of unfair competition under New York law." *Empresa Cubana del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485 (2d Cir. 2005) (emphasis added); *see also Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 32 (2d Cir. 2010) (summary order) (reaffirming this "settled proposition"); *WM Int'l, Inc. v. 99 Ranch Mkt. #601*, 329 F.R.D. 491, 499 n.4 (E.D.N.Y. 2019) (noting but declining to adopt a contrary view espoused in a handful of state and district court decisions that are not binding on this Court).

Although Nadav pleads that Banana Republic acted in "bad faith" by "deliberate[ly] and/or intentional[ly] copying . . . the Paris Pro Ampersand," SAC ¶ 47, it fails to support that conclusory assertion with any specific factual allegations. Critically, as discussed above, Nadav does not plausibly allege that Banana Republic was even aware of the existence of Nadav, the Paris Pro Ampersand, or the fact that Nadav had designed the Paris Pro Ampersand. Without awareness of such facts, Banana Republic plainly could not have intentionally copied the design. This failure alone requires dismissal of Nadav's unfair competition claim. *Compare, e.g.*, *Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496, 511 (S.D.N.Y. 2018) (dismissing an unfair competition claim because the plaintiff did "not [plead] facts demonstrating that [the relevant defendant] knew that the technology it purchased . . . and helped sell . . . was [the] [p]laintiff's technology"), *with Franklin v. X Gear 101, LLC*, No. 17-CV-6452 (GBD) (GWG), 2018 WL 4103492, at *7 (S.D.N.Y. Aug. 28, 2018) (holding that the plaintiff had stated a claim for unfair competition by alleging that the defendants had seen the plaintiff's products at a trade show before they had begun selling allegedly infringing products).

To the extent that Nadav seeks to rely on the similarity between the Paris Pro Ampersand and the ampersand that Banana Republic used to suggest that Banana Republic must have intentionally copied its design, visual similarity alone is generally insufficient to support an inference of bad faith. *See, e.g.*, *Mana Prod., Inc. v. Columbia Cosmetics Mfg., Inc.*, 858 F. Supp. 361, 369 (E.D.N.Y. 1994) (holding that "[t]he physical similarity of the parties' makeup compacts alone [did] not constitute sufficient evidence to withstand defendant's motion for summary judgment" on plaintiff's unfair competition claim), *aff'd*, 65 F.3d 1063 (2d Cir. 1995). That is, additional circumstances supporting that inference are generally required. *See, e.g.*, *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, No. 17-CV-1611 (DRH) (AKT), 2018 WL 1525803, at *7 (E.D.N.Y. Mar. 1, 2018) (holding that allegations regarding a cease-and-desist letter that the plaintiff had sent to a defendant, the defendant's response to that letter, the fact that the parties "operate[d] in the same industry and geographic region," as well as the similarity of the parties' trademarks, taken together, "[we]re sufficient to plausibly suggest the existence of bad faith on the part of [the] [d]efendants"), *report and recommendation adopted*, 2018 WL 1525698 (E.D.N.Y. Mar. 28, 2018); *KatiRoll Co., Inc. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 371 (S.D.N.Y. 2014) ("Although bad faith cannot be inferred from the act of copying, the extent of the similarities between [the plaintiff's restaurant] and [the defendant's restaurant] as well as the proximity of the two restaurants make a claim of bad faith plausible."). Given the absence of any such allegations in the Complaint, the Court concludes that Nadav fails to state a claim for unfair competition.

**C. New York General Business Law Section 349**

Finally, Nadav's Section 349 claim fails because Nadav does not allege that any consumer suffered a cognizable injury as a result of Banana Republic's alleged misappropriation of the Paris Pro Ampersand. Section 349 prohibits "[d]eceptive acts or practices in the conduct

of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 349(a). To state a claim under the statute, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) [the] plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012)). Significantly, although "Section 349 allows recovery by non-consumers if there is some harm to the public at large, . . . to successfully state a claim under Section 349 the gravamen of the complaint must be consumer injury or harm to the public interest." *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 258 (2d Cir. 2021) (internal quotation marks omitted). That is, "where the core of the claim is harm to another business as opposed to consumers, . . . courts have found . . . a public harm that is too insubstantial to satisfy the pleading requirements of § 349." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) (citing cases). Additionally, this Court agrees with "the overwhelming majority of courts in this Circuit," *Gibson v. SCE Grp., Inc.*, 391 F. Supp. 3d 228, 251 (S.D.N.Y. 2019) (citing cases), *reconsideration denied*, No. 15-CV-8168 (ER), 2019 WL 5188932 (S.D.N.Y. Oct. 15, 2019), that the mere fact that a consumer was deceived is not a cognizable injury for purposes of Section 349, *see Irvine v. Kate Spade & Co.*, No. 16-CV-7300 (JMF), 2017 WL 4326538, at *3 (S.D.N.Y. Sept. 28, 2017) (holding that Section 349 does not "recognize[] an injury based on deception itself" (internal quotation marks omitted)).

Applying these standards here, the Court concludes that Nadav's Section 349 claim fails as a matter of law. The gravamen of Nadav's Complaint is a dispute between Nadav and Banana Republic over Banana Republic's allegedly unauthorized use of a close approximation of the Paris Pro Ampersand in its marketing and social media campaigns. *See* SAC ¶ 25 (alleging that Banana Republic "deprived Nadav of any compensation for the commercial use of [its] work").

Thus, the core of the claim is a dispute between businesses, not harm to consumers. *See, e.g.*, *Vitolo v. Mentor H/S, Inc.*, 426 F. Supp. 2d 28, 34 (E.D.N.Y. 2006) (dismissing a Section 349 claim where "[t]he [c]omplaint focuse[d] almost entirely on the losses suffered by [the] [p]laintiff and his business"), *aff'd*, 213 F. App'x 16 (2d Cir. 2007) (summary order); *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, No. 91-CV-4544 (MGC), 1992 WL 170559, at *3-4 (S.D.N.Y. July 2, 1992) (dismissing a Section 349 claim where "the alleged harm to [the] plaintiff's business far outweigh[ed] any incidental harm to the public at large"). Moreover, to the extent that Nadav plausibly alleges that certain consumers may have been deceived into believing that the stylized ampersand that Banana Republic used in its marketing materials originated from Nadav, such deception alone does constitute a cognizable injury. *See, e.g.*, *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 435-46 (S.D.N.Y. 2012) (dismissing a Section 349 claim predicated on alleged "confusion and deception of the consuming public" (internal quotation marks omitted)); *BLT Rest. Grp. LLC v. Tourondel*, No. 10-CV-6488 (GBD), 2011 WL 3251536, at *4 (S.D.N.Y. July 19, 2011) (same). For these reasons, Nadav's claim under Section 349 must be and is dismissed.

**CONCLUSION**

For the reasons stated above, Banana Republic's motion to dismiss is GRANTED and the Complaint is dismissed in its entirety.

The Court declines to grant Nadav leave to replead the unjust enrichment claim. That claim was included in Nadav's prior complaints and, when Banana Republic moved to dismiss it, the Court granted Nadav leave to amend, explicitly warning that Nadav would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 16. "Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." *Transeo S.A.R.L. v. Bessemer Venture Partners VI*

*L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) (citing cases).  Moreover, Nadav does not suggest that it is in possession of facts that could cure the deficiencies in the unjust enrichment claim.  *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."), *aff'd*, 619 F. App'x 34 (2d Cir. 2015) (summary order).  By contrast, the Court grants Nadav leave to amend to address the deficiencies in its unfair competition and Section 349 claims.  As noted, Nadav's prior complaints did not bring these claims.  Thus, this is not a case in which the plaintiff has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed."  *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp. 2d 310, 319 (S.D.N.Y. 2005) (internal quotation marks omitted), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110 (2d Cir. 2007) (per curiam).  For avoidance of doubt, leave to amend is limited to Nadav's unfair competition and Section 349 claims.

Nadav shall file any third amended complaint **within three weeks of the date of this Memorandum Opinion and Order**.  Nadav will not be given any further opportunity to amend to address the defects addressed in this Memorandum Opinion and Order.  If Nadav does not amend by that deadline, the Court will close this case without further notice to the parties.  If Nadav does amend, Banana Republic shall answer or otherwise respond to the new complaint **within three weeks thereafter**.

The Clerk of Court is directed to terminate ECF No. 21.

SO ORDERED.

Dated: June 10, 2021
New York, New York

JESSE M. FURMAN
United States District Judge