```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
MOSHIK NADAV TYPOGRAPHY LLC,                                       :
                                                                   :
                          Plaintiff,                               :
                                                                   :       20-CV-8325 (JMF)
               -v-                                                 :
                                                                   :       MEMORANDUM OPINION
BANANA REPUBLIC, LLC,                                              :            AND ORDER
                                                                   :
                          Defendant.                               :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Moshik Nadav Typography LLC ("Nadav"), a typeface designer, alleges that the retail giant Banana Republic, LLC ("Banana Republic"), misappropriated a stylized ampersand that Nadav designed. In an earlier Memorandum Opinion and Order, the Court dismissed Nadav's Complaint in its entirety but granted Nadav leave to amend. *See Moshik Nadav Typography LLC v. Banana Republic, LLC*, No. 20-CV-8325 (JMF), 2021 WL 2403724, at *4 (S.D.N.Y. June 10, 2021) (ECF No. 27). Nadav timely filed a Third Amended Complaint, ECF No. 28 ("TAC"), and Defendant Banana Republic now moves again, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Nadav's claims. For the reasons that follow, the motion is GRANTED in full.

## BACKGROUND

The Court described the background of this case in its prior Memorandum Opinion and Order, *see Nadav*, 2021 WL 2403724, at *1-2, familiarity with which is presumed, and thus includes here only the facts relevant to the instant motion. It draws those facts from the operative Third Amended Complaint and assumes them to be true for purposes of this motion. *See, e.g.*, *Kleinman v. Elan Corp.*, 706 F.3d 145, 147, 152 (2d Cir. 2013).

Nadav is a typography and graphic design business that creates "artistic typefaces[] and logotypes in digital formats for headlines in fashion magazines[,] as well as logos for luxury and high-end brands." TAC ¶ 10.  In 2012, Nadav designed the Paris Pro Typeface, including the Paris Pro Ampersand, TAC ¶¶ 16, 21. The Paris Pro Typeface was recognized in the November 30, 2012 issue of *Slanted*, a typography design magazine. *Id*. ¶ 20.  Nadav alleges that Banana Republic used an ampersand that closely resembles the Paris Pro Ampersand without obtaining a license or other authorization.  *Id.* ¶ 22.  On or about September 5, 2018, Nadav issued a cease-and-desist letter (the "Letter") to Banana Republic.  TAC ¶ 57.  In the Letter, Nadav alleged that Banana Republic had misappropriated the Paris Pro Ampersand "near the end of 2017 and the beginning of 2018" and sought "to be compensated fairly" for Banana Republic's use.  ECF No. 28-1, at 3, 5.

Nadav filed its initial complaint on October 6, 2020, and its Second Amended Complaint on January 6, 2021.  *See* ECF Nos. 1, 20.  By Memorandum Opinion and Order entered on June 10, 2021, the Court dismissed the Second Amended Complaint in its entirety.  To the extent relevant here, the Court dismissed Nadav's unfair competition claim because Nadav "fail[ed] to plausibly plead that Banana Republic acted in bad faith," as required under New York law.  *See Moshik Nadav Typography LLC*, 2021 WL 2403724, at *3 (citing *Empresa Cubana del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485 (2d Cir. 2005); *Empresa Cubana del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 32 (2d Cir. 2010) (summary order)).  Nevertheless, the Court granted Nadav leave to amend the claim.  *See id.* at *4-5.  Thereafter, Nadav filed the Third Amended Complaint.[1]

---

[1] In its earlier opinion, the Court also granted leave to amend Nadav's claim under Section 349 of New York's General Business Law.  *See Moshik Nadav Typography LLC*, 2021 WL 2403724, at *4-5.  The Third Amended Complaint does not include such a claim.

## LEGAL STANDARDS

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## DISCUSSION

Banana Republic argues that Nadav's amended unfair competition claim falls short for the same reason that his earlier claim did: it fails to plausibly allege bad faith as required by New York law. *See* ECF No. 29 ("Def.'s Mem."), at 10-14. The Court agrees.

In the Third Amended Complaint, Nadav alleges that Banana Republic acted with "actual or constructive knowledge" (1) "by virtue of Plaintiff's preexisting use of the Paris Pro Ampersand . . . since at least 2012"; (2) "by virtue of the fame and public recognition achieved by Plaintiff's brand"; and (3) because Nadav issued a cease-and-desist letter to Banana Republic in September 2018. TAC ¶¶ 55-57. The first two allegations, however, are not materially

different from what Nadav had alleged in the Second Amended Complaint, which the Court already found to be legally insufficient. *Cf.* SAC ¶¶ 45-46 ("Since at least 2012, Plaintiff has consistently used the Paris Pro Ampersand in its products, and in promoting its services and merchandise . . . By virtue of [Plaintiff's] longstanding use of the Paris Pro Ampersand, . . . [c]onsumers recognize and associate the Paris Pro Ampersand as originating from Plaintiff."). The fact that Nadav sent Banana Republic a cease-and-desist letter, meanwhile, does not demonstrate that retailer was aware of Nadav's design *prior* to the use of which Nadav complains or that the retailer actually copied Nadav's design. *See* ECF No. 28-1, at 3-4 (objecting to the very same advertising campaigns that are the basis for the Third Amended Complaint). And notably, the Third Amended Complaint conspicuously fails to allege that Banana Republic continued using Nadav's design *after* it received the cease-and-desist letter. *See* TAC ¶¶ 57-58.

In any event, the "failure to completely abandon the use after receiving a cease-and-desist letter is insufficient," standing alone, "to support an allegation of bad faith." *Dessert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416, 427 (S.D.N.Y. 2008) (holding, in the context of a claim for trademark infringement, that there was no bad faith even though the defendant had failed to abandon use of a disputed mark after receiving a cease-and-desist letter) (internal quotation marks omitted), *aff'd*, 329 F. App'x 333 (2d Cir. 2009); *see also Wonder Labs, Inc. v. Procter & Gamble Co.*, 728 F. Supp. 1058, 1064 (S.D.N.Y. 1990) (dismissing an unfair competition claim where the plaintiff had sent the defendant a cease-and-desist letter prior to the litigation).[2] It is

---

[2] Nadav argues that *Dessert Beauty* is inapposite because it concerned a trademark infringement theory of unfair competition whereas Nadav is pursuing "a misappropriation-based unfair competition theory." Pl.'s Opp'n 19. But Nadav itself relies on cases in which the plaintiff pursued a trademark infringement theory. *See id.* at 10, 12 (citing *Hectronic GmbH v.*

4

true, as Nadav argues, that actual knowledge can give rise to an inference of bad faith. ECF No. 30 ("Pl.'s Opp'n"), at 9-10. But in the cases on which Nadav relies, the defendants had knowingly and intentionally violated the plaintiffs' trademarks. *See, e.g.*, *Hectronic GmbH*, 2020 WL 6947684, at *3 (finding bad faith where the plaintiff alleged that after a distribution agreement was terminated, the former distributor "continued to market and try to sell [plaintiff's] products" using its trademark); *Franklin*, 2018 WL 3528731, at *14. That is a far cry from what Nadav alleges here.

Nadav's other arguments fall short. *See* Pl.'s Opp'n 10-12. First, although Nadav pleads similarity between the conflicting ampersands, visual similarity alone is generally insufficient to support an inference of bad faith. *See, e.g.*, *Mana Prod., Inc. v. Columbia Cosmetics Mfg., Inc.*, 858 F. Supp. 361, 369 (E.D.N.Y. 1994). Second, Nadav alleges that Banana Republic has "a documented history of being involved in unfair competition lawsuits," FAC ¶ 59, but merely being "involved" in prior lawsuits — lawsuits that may or may not resemble this one — does not support an inference of bad faith. *Cf. Abbott Labs. v. Adelphia Supply USA*, 15-CV-5826 et al. (CBA)(LB), 2019 WL 5696148, at *29-30, 43 (E.D.N.Y. Sept. 30, 2019) (finding that the defendant acted in bad faith in part by continuing to sell the same counterfeit goods that it was permanently enjoined from selling in a previous counterfeit lawsuit). Third, the gravamen of

---

*Hectronic USA Corp.*, No. 20-CV-2964 (LLS), 2020 WL 6947684, at *5 (S.D.N.Y. Nov. 24, 2020); *Franklin v. X Gear 101, LLC*, No. 17-CV-6452 (GBD) (GWG), 2018 WL 3528731, at *14 (S.D.N.Y. July 23, 2018) (finding bad faith where the complaint "adequately allege[d] intentional copying by" the defendants), *report and recommendation adopted*, 2018 WL 4103492 (S.D.N.Y. Aug. 28, 2018); *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, No. 17-CV-1611 (DRH) (AKT), 2018 WL 1525803, at *7 (E.D.N.Y. Mar. 1, 2018), *report and recommendation adopted*, 2018 WL 1525698 (E.D.N.Y. Mar. 28, 2018)). Moreover, Nadav appears to plead an infringement theory in the Third Amended Complaint. *See* TAC ¶¶ 46-47. And in any event, Nadav does not cite, and the Court has not found, any cases suggesting that the bad faith standard differs under the two theories.

Nadav's claim — that Banana Republic, a global retail giant, sought to conflate its products with those of a small company whose primary focus is "on the creation of artistic typefaces[] and logotypes in digital formats . . . as well as logos for luxury and high-end brands," TAC ¶ 10 — fails to pass the plausibility test.  *See, e.g.*, *Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 389 (2d Cir. 2005) (finding that the plaintiff did not meet its burden of proving bad faith in part due to "the implausibility of the notion that a premier international rum manufacturer would seek to conflate its products with those of a regional discount vodka manufacturer"); *cf. Northwell Health*, 2018 WL 1525803, at *2-3 (finding bad faith where the defendant had an identical name, operated in the same region and industry, and refused to stop using the name after receiving a cease-and-desist letter).  Finally, Nadav's allegation that Banana Republic had a "desire to capitalize on Nadav's goodwill and reputation," TAC ¶ 47, is nothing more than a conclusory assertion and does not support an inference of bad faith.

## CONCLUSION

In short, Nadav's amended unfair competition claim falls short for the same reason that its earlier claim fell short: It fails to plausibly allege bad faith.  Accordingly, Banana Republic's motion to dismiss must be and is GRANTED.[3]

The Court declines to *sua sponte* grant Nadav leave to amend yet again.  *See, e.g.*, *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." (citing cases)); *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if

---

[3] In light of that conclusion, the Court need not and does not reach Banana Republic's alternative arguments for dismissal.

[it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."), *aff'd*, 619 F. App'x 34 (2d Cir. 2015) (summary order).

The Clerk of Court is directed to terminate ECF No. 29 and to enter judgment in favor of Banana Republic.

SO ORDERED.

Dated: March 1, 2022
      New York, New York

                                                 JESSE M. FURMAN
                                                 United States District Judge